**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Dustin Clouatre,

    Plaintiff,

v.

Allen Jones,
a.k.a. William Allan Jones,

    Defendant.

_____/

## COMPLAINT

Comes Now, Plaintiff Dustin Clouatre, through counsel, to hereby sue the Defendant Allen Jones, a.k.a. William Allan Jones, as follows:

## PARTIES, JURISDICTION, VENUE

1. Plaintiff Dustin Clouatre is a resident and citizen of the State of Louisiana.

2. Defendant William Allan Jones is a resident and citizen of the State of Tennessee.

3. The controversy is between citizens of different states and the amount in question is at least $122,500.00, not including attorneys' fees, interest and costs, and therefore subject matter jurisdiction is satisfied under 28 U.S.C. § 1332(a)(1).

4. The Defendant is subject to personal jurisdiction in this District per the Purchase and Sale Agreement, whereby per Section 17 he irrevocably submitted to the exclusive jurisdiction of the Courts of the state of Florida, waived any objection they now or hereafter may have to venue or convenience of forum, agree that all claims relating to the proceeding will be decided only in this Court, further, not to bring any claim relating to this Agreement in any other court or arbitral forum.

5. Venue is likewise proper as a result of Section 17, whereby the parties agreed that any disputed involving this Agreement will be resolved in the courts located in the State of Florida, under Florida law.

### General Allegations

6. In December 2020, Plaintiff was in the market to purchase a recreational motoryacht.

7. Defendant Jones held himself out to the be the owner of a 2005 Mangusta Express 92 named "KAMPAI".

8. On December 18, 2020, Dustin Clouatre as Buyer entered into a Purchase and Sale Agreement ("PSA") for what was represented to be a 2005 Mangusta Express 92 named Kampai to be sold by its purported owner Allen Jones, a.k.a Allan Jones, a.k.a William Allan Jones. A true and correct copy of the PSA is attached as Exhibit "A".

9. The purchase price of the Vessel was $1,300,000.00.

10. The contracted deposit amount was $125,000.00.

11. Jones also represented the Vessel received its 2,000-hour engine service required by the engine manufacturer MTU.

12. In reality, Allen Jones was not the record owner of the Vessel, yet contracted to sell the Vessel that did not belong to him anyway.

13. In reality, the Vessel was not a 2005-year vessel, but instead a 2004 vessel.

14. In reality, the Vessel did not receive its 2,000-hour engine service required by the engine manufacturer MTU.

15. All of these material facts were known to the Defendant, yet not disclosed to the Buyer.

16. The PSA was not able to be amended or modified, except in writing, signed by Buyer and Seller.

17. And in fact, no amendment was ever made to the PSA signed by the Buyer and Seller agreeing to change the name of the Seller, Allen Jones, even though he was not the owner therefore not the seller of the Vessel.

18. Likewise, there was never an amendment to the PSA signed by the Buyer and Seller agreeing to change the year of the Vessel from 2005 to 2004, even though the 2005 vessel did not exist, thereby making it impossible for the Seller to sell, let alone the Buyer to accept or buy a 2005 Mangusta Express 92 named Kampai.

19. Further, the PSA specifically states that … "Buyer will be deemed to have rejected the Vessel if it fails to give timely written notice of its acceptance… and if Buyer rejects or is deemed to reject the Vessel … The Selling Broker shall return the Deposit to Buyer, the PSA will terminate and the parties and the Brokers will be released from further liability hereunder."

20. The Accept/Reject date for the Vessel was set to expire at the end of the day, January 18, 2021.

21. The parties did not reach a mutually executed agreement to extend the contract by January 18, 2021 and therefore the accept/reject date expired, as the purported Seller, Defendant Jones, failed to countersign the purported extension until January 19, 2021, so the Buyer was deemed to have rejected the Vessel and was due his deposit.

22. Even so, this belated out of contract January 19, 2021 purported extension placed now *two* different Sellers in the Sellers' line, Allen Jones and Rachel Ingram, except Ingram never signed, making it doubly ineffective; even if this extension was not incomplete and not expired and instead effective, which it was not, this ineffective extension called for a new accept/reject date of January 25, 2021.

23. As of January 25, 2021, no acceptance or rejection was made, so the Buyer was deemed to have rejected the Vessel and was due his deposit returned.

24. After the parties were out of contract, obligating the return of the deposit to the Buyer, a draft Conditional Acceptance was drafted and signed by the Plaintiff, but after so, it was also materially changed by the Seller on or about February 2, 2021, as to both its terms and to add yet another new party; the material changes were signed by the new proposed Seller only, JAWBAC Shipping, LTD, yet the new materially changed conditional acceptance was never countersigned by Plaintiff Clouatre in its final form, and therefore there was never an effective document.

25. Shortly thereafter, Plaintiff learned for the first time of material facts that were intentionally misrepresented to him and falsely kept from him; for instance, the Defendant through his agents produced documentation to show the make of the contracted vessel was a 2004 and not a 2005; further, information was revealed to confirm that the vessel did not undergo its 2,000 hour maintenance program for the engines.

26. In an abundance of caution, to be clear, the Buyer issued a rejection of the Vessel.

27. Regardless, the parties' contract – through which the deposit was made – had been expired since at least January 19, 2021, was never reinstated, was never modified, and the deposit was long overdue back to the Buyer under the PSA through which the original deposit in the amount of $122,500.00 was made.

28. At present, Defendant Mr. Jones refuses to release the deposit, despite not being (a) the record owner of the Vessel in the first place, (b) admitting the Vessel was a 2004 and not a 2005 and therefore he breached the contract as he could not sell a 2005 vessel to Mr.

Clouatre, and despite the fact that the Buyer was deemed to have rejected the Vessel and due his deposit returned.

29. Denison Yacht Sales, Inc. holds the deposit and remains uncertain as its rights and obligations related to the deposit.

30. After Mr. Clouatre demanded his deposit returned, the record owner re-marketed the subject vessel (this time correctly as a 2004 vessel) and has since sold the vessel to a third party.

31. At present, Mr. Clouatre's deposit remains unreturned.

32. Plaintiff has been forced to hire undersigned counsel and is entitled to recover damages from the Defendant, including prejudgment interest, attorneys' fees and all costs.

## COUNT I - BREACH OF CONTRACT

33. Plaintiff re-incorporates and re-alleges allegations 1-32 as if set forth herein.

34. The parties had a contract as per the PSA whereby the parties agreed to the purchase and sale of a specifically described vessel at a particular price under specific terms.

35. The contract terminated when it expired at the end of the day, January 18, 2021.

36. Upon expiration, the Buyer was deemed to have rejected the Vessel, thereby obligating the return of his deposit.

37. The Seller per the PSA did not own the Vessel he purported to sell.

38. The Vessel per the PSA did not exist and therefore could not be sold.

39. Therefore, the contract was materially breached when the Seller failed to return the deposit to the Buyer under the terms of the PSA.

40. Plaintiff has been damaged in the amount of at least $122,500, plus prejudgment interest, attorneys' fees and costs.

## COUNT II - FRAUD IN THE INDUCEMENT

41. Plaintiff re-incorporates and re-alleges allegations 1-32 as if set forth herein.

42. Defendant knew of certain material facts related to the Vessel, such as the fact that the Vessel was a 2004 and not a 2005 and that the Vessel did not receive its 2,000 hour engine service.

43. Nevertheless, despite Defendant's knowledge, the Defendant intentionally misrepresented these facts to the Plaintiff, by presenting the Vessel as a 2005 and as having received its 2,000 hour engine service.

44. The representations were false, were made intentionally, were detrimentally relied on by the Plaintiff, were material to the Plaintiff, and induced the Plaintiff into the PSA.

45. Had Plaintiff known the truth regarding these facts, the Plaintiff would not have entered into the PSA.

46. As a result, Defendant legally and proximately caused the Plaintiff damages in the amount of at least $122,500, plus prejudgment interest, attorneys' fees and costs.

## COUNT III - NEGLIGENT MISREPRESENTATION

47. Plaintiff re-incorporates and re-alleges allegations 1-32 as if set forth herein.

48. Defendant knew or should have known of certain material facts related to the Vessel, such as the fact that the Vessel was a 2004 and not a 2005 and that the Vessel did not receive its 2,000 hour engine service.

49. Nevertheless, despite the fact the Defendant knew or should have known this, the Defendant violated the reasonable standard of care when he misrepresented these facts to the Plaintiff, by presenting the Vessel as a 2005 and as having received its 2,000 hour engine service.

50.  The representations were false, were made negligently to the Plaintiff, were reasonably and detrimentally relied on by the Plaintiff, were material to the Plaintiff, and induced the Plaintiff into the PSA.

51. Had Plaintiff known the truth regarding these facts, the Plaintiff would not have entered into the PSA.

52. As a result, Defendant legally and proximately caused the Plaintiff damages in the amount of at least $122,500, plus prejudgment interest, attorneys' fees and costs.

WHEREFORE Plaintiff prays this Court enter Final Judgment against the Defendant for all damages, prejudgment interest, attorneys' fee and costs.

Dated:   August 4, 2021.                          Respectfully Submitted,

/s/ Scott A. Wagner, Esq.
Scott A. Wagner, Esq.
Florida Bar No. 10244
Wagner Legal
3050 Biscayne Boulevard, Suite 904
Miami, Florida  33137
Telephone: (305) 768-9247
Facsimile:  (305) 306-8598
E-mail: sw@wagnerlegalco.com
Attorney for Plaintiff